**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **09 C 1821  (01 CR 326)** |
| | ) | |
| **RICHARD S. CONNORS,** | ) | **Judge Ronald A. Guzmán** |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Richard Connors' motion to vacate, set aside or correct his sentence

pursuant to 28 U.S.C. § 2255.  On June 9, 2004, this Court sentenced Connors to thirty-seven

months of incarceration and three years of supervised release for smuggling Cuban cigars into

the United States in violation of 18 U.S.C. § 545; one count of conspiracy, in violation of § 371;

one count of making a false statement on a passport application, in violation of § 1542; and

violating the Trading with the Enemy Act, in violation of 50 U.S.C. App. §§ 5(b)(1) and 16.[1]

For the reasons provided below, the motion is denied.

**Discussion**

A federal prisoner may move a district court to vacate, set aside or correct a sentence on

the grounds that it was "imposed in violation of the Constitution or laws of the United States, or

that the court was without jurisdiction to impose such sentence, or that the sentence was in

---

[1]On February 20, 2007, on limited remand, the Court concluded it would have imposed
the same sentence had it known that the sentencing guidelines were advisory, rather than
mandatory.  On May 19, 2008, the United States Court of Appeals for the Seventh Circuit
affirmed the sentence.

excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28

U.S.C. § 2255.  The § 2255 movant bears the burden of establishing his right to relief from

judgment against him.  *United States v. Trumblay*, 234 F.2d 273, 275 (7th Cir. 1956); *Kafo v.*

*United States*, No. 05 C 701, 2007 WL 1544358, at *2 (N.D. Ill. May 29, 2007).

In support of his motion, Connors argues that:  (1) his Fifth Amendment right to due

process and Sixth Amendment right to a fair and impartial jury were violated due to jury

tampering; (2) his Fifth Amendment right to due process was violated because the government

forged and altered an original document before it was introduced at trial; (3) his Fifth

Amendment right to due process and Sixth Amendment right to confront witnesses was violated

because the government withheld the file that U.S. Customs Agent John Sheridan kept on

confidential informant Nicole Chakalis, as well as the fact that Ms. Chakalis was a confidential

informant, from the defense; and (4) because of the above-mentioned issues, the criminal

proceedings were reduced to a farce and mockery such that it constitutes a fundamental

miscarriage of justice.[2]  The right to a fair trial is mandated by the due process clause of the Fifth

Amendment to the Constitution.  *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972).  The right to

a fair and impartial jury and to confront witnesses is guaranteed by the Sixth Amendment.

*Pointer v. Texas*, 380 U.S. 400, 403-04 (1965).

First, Connors argues that jury tampering violated his constitutional right to a fair trial

and a fair and impartial jury as guaranteed by the Fifth and Sixth Amendments.  In a § 2255

proceeding, district courts may apply the Federal Rules of Evidence.  *United States v.*

---

[2]To the extent that Connors raises arguments for the first time in his reply brief, the Court deems such arguments waived.  *See United States v. Felix-Felix*, No. 02 C 9502, 2009 WL 981378, at *7 n.3 (N.D. Ill. Apr. 10, 2009) (§ 2255 case).

*Torrez-Flores*, 624 F.2d 776, 781 (7th Cir. 1980); *United States v. Francischine*, 512 F.2d 827,

829 (5th Cir. 1975).

In support of his allegation of jury tampering, Connors submits an anonymous letter sent

to the jury foreperson in Connors' criminal trial in which the anonymous author states in

pertinent part:

> You don't know me, but I'm dating one of the cops who worked on the
> Connors case and I've been hearing some things that I think you might want to
> know. . . . Connors has been filing papers in court saying that there was jury
> tampering during his trial.  When my boyfriend heard about that he freaked out.
> He's afraid that if someone starts digging into this they'll find out that you were
> helping the police during the trial.

(Mot. Vacate, Set Aside, or Correct Sentence by Person Federal Custody, Ex. B2, Anonymous

Letter to Jury Foreperson.)[3]  He also proffers an email sent to him from an anonymous source,

reward@justicereward.com, who purports to be one of the participants in the alleged jury

tampering.  The email states in pertinent part:

> Reading your website I see you already have some of the information you're
> looking for, either that or you're real good at guessing, because you're right, the
> US v Connors trial was fixed.  I know because I helped fix it.  The juror we used
> was Maureen Scott and it wasn't just her involved.  Meza, Oliver, and judge
> Guzman were in on it too. . . . [Scott] gave nightly reports which were relayed to
> Meza and Oliver and they relayed instructions back to her coaching her on how to
> take over the jury and get a guilty verdict.

_____

[3]When it came to the Court's attention that, after the trial concluded, the jury foreperson
had received the anonymous letter as well as phone calls from a news reporter, who had received
fifteen pages of personal information about her from an anonymous source, it permitted counsel,
on the condition that both counsel for the government and defense act together, to attempt to
communicate with her in order to determine whether she was being subjected to personal distress
after she honorably completed her jury service. (Minute Order of 12/12/03 in 01 CR 325-1.)
The Court emphasized that there was no basis for concluding that there had been any misconduct
by any of the parties or jurors in Connors' criminal case and advised the parties that the jury
foreperson was not required to speak to anyone or answer anyone's questions. (*Id.*)  The records
do not show whether such communication by both sides was attempted or whether the jury
foreperson voluntarily elected to communicate with counsel for both sides.

(Movant's Reply Gov't's Resp., Ex. G, Email from reward@justicereward.com to Connors of 10/5/09.)

Connors is offering the above documents to prove the truth of the statements therein, *i.e.*, that his trial involved jury tampering, and thus, the letter and the email constitute hearsay and the statements are therefore inadmissible for the Court's consideration. As neither of the authors signed his or her name, it is impossible to judge the authenticity of these documents. There is nothing in the communications themselves, by way of appearance, contents, substance, internal patterns, other distinctive characteristics or other circumstances, that would enable the Court to authenticate them. With regard to either letter, there is no evidence sufficient to support a finding that the matter in question is what the proponent claims, and there is nothing in the Court's records that suggests or implies that such a conspiracy existed. Accordingly, the Court exercises its discretion and determines that it will not consider the documents. Connors' argument that jury tampering occurred is conclusory and wholly unsubstantiated. What Connors has provided the Court is simply insufficient to satisfy his burden of establishing that his constitutional rights were violated. Thus, the Court denies Connors' motion to vacate to the extent that it asserts a violation of his constitutional rights based on jury tampering.

Second, Connors argues that his Fifth Amendment right to due process of law and Sixth Amendment right to confront witnesses were violated because the government withheld an original document from the defense (*see* § 2255 Mot., Ex. D, Damaged or Missing Baggage Report), and then introduced a forged and/or altered copy of that document during the trial (*see* § 2255 Mot., Ex. C, Damaged or Missing Baggage Report).

Unfortunately for Connors, both the document that he avers was the "original" and the document that he alleges was forged and/or altered were introduced as exhibits into evidence and

put before the jury. What Connors has entitled "Exhibit D" was introduced as part of

Government Exhibit 10/27/99 Search Group 11. (Trial Tr. at 1460-62.) What Connors has

entitled "Exhibit C" was introduced to the jury as part of Government Exhibit 10/27/99 Search

Group 5. (*Id.*) Connors relies on his speculation that what he has entitled "Exhibit D" was not

included in Government Exhibit 10/27/99 Search Group 5. Although Connors argues that

counsel for the government is unfamiliar with the underlying criminal case, the Court reminds

Connors that it is the movant's burden to establish his right to § 2255 relief.

Where, as here, the movant has failed to base his argument on anything beyond

conclusory allegations, the movant has not met his burden of establishing that a constitutional

violation occurred. The Court records are devoid of any support for Connors' allegation that the

document has been forged or altered. Thus, the Court denies Connors' motion to the extent that

it is based on the purportedly forged or altered document.

Third, Connors argues that his Fifth Amendment right to due process of law and Sixth

Amendment right to confront witnesses were violated because the government withheld material

evidence of confidential informant Nicole Chakalis and her confidential informant file kept by

the prosecution's principal witness, U.S. Customs Agent John Sheridan. Connors has not

established that the government's failure to provide the defense with the confidential informant

file violated his constitutional rights.

Due process requires that "[t]he government . . . disclose, prior to trial, impeaching

evidence and evidence favorable to a defendant." *United States v. Childs*, 447 F.3d 541, 545

(7th Cir. 2006) (citing *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373

U.S. 83 (1963); *United States v. Gonzalez*, 93 F.3d 311 (7th Cir. 1996)). "The duty of disclosure

under *Brady*, however, is not unlimited." *United States v. Kimoto*, 588 F.3d 464, 474 (7th Cir.

5

2009). "[A] *Brady* violation only occurs if 'material' evidence is withheld, that is, 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Stott*, 245 F.3d 890, 901 (7th Cir. 2001) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

With regard to Nicole Chakalis and her file, Connors has not stated what material evidence was withheld from him, described how such evidence was material to the preparation of his defense or established that there is a reasonable probability that the result of his trial would have been different had the evidence been disclosed to him. This dooms his *Brady* claim. *Cf. United States v. Connors*, 441 F.3d 527, 531 (7th Cir. 2006) ("The withholding of the confidential informant file did not prejudice the trial's outcome.").

Further, the government had no obligation under *Giglio*, 405 U.S. at 153-54, or the Jencks Act, 18 U.S.C. § 3500, with regard to Ms. Chakalis. *See United States v. Coggs*, 752 F. Supp. 848, 849 (N.D. Ill. 1990). Although *Giglio* and the Jencks Act require the government to provide impeachment information about testifying witnesses, Ms. Chakalis did not testify at trial and Connors has not argued that the government presented any testimonial statements of Ms. Chakalis at trial. *See id.*

With regard to Connors' argument that his Sixth Amendment right to confront witnesses was violated because the government withheld evidence of confidential informant Nicole Chakalis and her confidential informant file, he, again, has failed to establish a constitutional violation. The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). "While the Court has not comprehensively defined the term 'testimonial,' it stated in *Crawford*

6

that it extends to 'prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations.'" *United States v. Watson*, 525 F.3d 583, 589 (7th Cir. 2008) (quoting *Crawford*, 541 U.S. at 68). Further, "evidence is 'testimonial' in nature when given in formal pleadings, such as affidavits, declarations, . . . confessions, or . . . 'made under circumstances which would lead an objective witness reasonably to believe that the statements would be available for use at a later trial.'" *Id.* (quoting *Crawford*, 541 U.S. at 52). "The Confrontation Clause does not, however, apply to statements that are not testimonial in nature." *Crawford*, 541 U.S. at 588-89.

In this case, Connors does not point to any testimonial statements of Ms. Chakalis upon which Sheridan, or anyone else for that matter, relied at trial. Thus, the Confrontation Clause does not apply under the circumstances. Further, the Supreme Court has rejected the argument that the "failure to produce an informant to testify against a criminal defendant is a violation of the Confrontation Clause." *U.S. ex rel. Mikels v. Evans*, No. 06 C 1747, 2009 WL 87462, at *5 (N.D. Ill. Jan. 13, 2009) (citing *McCray v. Ill.*, 386 U.S. 300, 313 (1967), and *Cooper v. Cal.*, 386 U.S. 58, 62 n.2 (1967)). Accordingly, the Court denies Connors' motion to vacate, set aside or correct his sentence on the ground that the government withheld the fact that Ms. Chakalis was a confidential informant and her confidential informant file from the defense.

Finally, Connors argues that due to the above-mentioned issues, the criminal proceedings constituted a fundamental miscarriage of justice. Because this argument is based on the cumulative effect of the above-mentioned issues on the trial and, as discussed above, Connors has failed to show that any of them resulted in a violation of his constitutional rights, the Court denies his motion on this basis.

## **Conclusion**

For the reasons set forth, the Court denies Connors' motion brought pursuant to 28

U.S.C. § 2255 and hereby terminates this case.

**SO ORDERED**                                    **ENTERED:**

December 22, 2010

_Ronald A. Guzman_

**HON. RONALD A. GUZMAN**
**United States Judge**